UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
ORLANDO DIVISION

DAVID WAYNE GIZMO WEXLER and
LISA WEXLER,

        Plaintiffs,

v.                                                                           Case No: 6:22-cv-1111-RBD-DCI

DEPARTMENT OF CHILDREN AND
FAMILIES, TIDAL BASIN
GOVERNMENT CONSULTING, LLC,
RISING PHOENIX HOLDINGS
CORPORATION, SPERIDIAN
TECHNOLOGIES, LLC and OUR
FLORIDA,

        Defendants.

## REPORT AND RECOMMENDATION

Plaintiffs, proceeding *pro se*, filed an Amended Complaint alleging a claim pursuant to the Consolidated Appropriations Act of 2021 (the CAA) after their federal Emergency Rental Assistance Program application (the OUR Florida application) was allegedly mishandled and misappropriated. Docs. 7; 7-1. The CAA created the Emergency Rental Assistance Program, and Plaintiffs claim that they experienced "technical issues" and were not given "access to address the process." Doc. 7-1 at 3. Plaintiffs allege that their documents did not "make it to the system" and the "case was auto-closed twice for no response." *Id*. at 5.

Plaintiffs assert that "[t]he partner of DCF OUR Florida used several different systems, therefore the technology implementation was flawed, as they tried various methods in handling applicants." *Id*. Plaintiffs contend that OUR Florida sent an email stating that their application was "closed for no response for rental and or utility assistance on 4/2/2022" and "closed a second

time for no response on 5/12/2022." *Id*. at 9.  Plaintiffs claim that the email stated, "I regret to inform you that due to the portal being closed and the program coming to an end, we do not have the credentials or authority to re-open any cases that are closed." *Id*.  Accordingly, Plaintiffs argue that "the failure of implementation of technology, incompetence of processing applications, inaccurate federal funding disbursement reports, and my other federal case of State technology issues pending,[1] we are left stranded with a landlord having no other options but to start the eviction process." *Id*. at 10.  As relief, Plaintiffs seeks 12 months of rent and utilities equaling $20,400; an investigation (valued at $14,300) into the reason the case was closed; additional financial relief for mental stress and punitive damages; and a "full federal investigation into the partnerships' abilities and competence in administering the OUR Florida program." *Id*. at 9.

Along with the original Complaint, Plaintiffs filed a Motion for Leave to Proceed *In Forma Pauperis*.  Doc. 2.  In reviewing that motion in the context of 28 U.S.C. § 1915(e)(2), the undersigned has determined that the case is due to be dismissed because the Court does not have subject matter jurisdiction.  *See* Fed. R.Civ.P.12(h)(3) ("If the court determines at any time that it lacks subject-matter jurisdiction, the court must dismiss the case"); *see also*, Univ. *of S. Ala. v. Am. Tobacco Co.*, 168 F.3d 405, 410 (11th Cir. 1999) ("[I]t is well settled that a federal court is obligated to inquire into subject matter jurisdiction sua sponte whenever it is lacking.").

Specifically, Plaintiffs fail to invoke this Court's jurisdiction because the CAA does not provide a private cause of action.  Federal question jurisdiction "may be based on a civil action alleging a violation of the Constitution, or asserting a federal cause of action established by a congressionally created expressed or implied private remedy for violations of a federal statute."

---

[1] The undersigned was unable to locate another related pending case based on the information provided in the Amended Complaint.

*Jairath v. Dyer*, 154 F.3d 1280, 1282 (11th Cir. 1998) (citing *City of Huntsville v. City of Madison*, 24 F.3d 169, 171-172 (11th Cir. 1994). As one court explained:

> The [Coronavirus Aid Relief and Economic Security Act (CARES Act)] allocated billions of dollars to the States as discretionary funding to mitigate the effects of the coronavirus pandemic. State governments could distribute funds to local governments to meet the needs of renters and landlords. This funding allowed for financial assistance for renters directly impacted by the COVID-19 outbreak. The CAA extended the discretionary funding initially provided by the CARES Act and provided billions of dollars to assist households with the payment of rent and utilities. The Defendants explain that the CAA limited the eligible grantees of the Emergency Rental Assistance Program funds to the fifty States, the District of Columbia, and units of local government located in a State. *See 15 U.S.C. § 9058a(b)(1)(B)*.
>
> ***
>
> Upon reviewing the relevant portions of the CAA, the cited case law, and the parties' arguments, the Court concludes that the Defendants' position is well-taken, and this action must be dismissed. The Court follows the decisions in *Walters, Graham*, *Phelps, Coy*, and *Profiles, Inc.* cited above; there is no private right of action created, expressly or impliedly, by Congress in the CAA or the CARES Act. Turner suggests that because a lawsuit mentions violation of a federal statute that federal jurisdiction in the federal district courts is automatic, but the Seventh Circuit and the Supreme Court have been clear that this is not the case. The existence of a private right of action also is necessary. "[W]hen the basis of the action is a federal statute, a federal cause of action must exist as well for a federal court to hear a given claim; the general grant of federal question jurisdiction contained in *§ 1331,* without a federal cause of action, is not enough." *Ward, 563 F.3d at 281-82* (citing *Nat'l R.R. Passenger Corp. v. Nat'l Ass'n of R.R. Passengers, 414 U.S. 453, 456, 94 S. Ct. 690, 38 L. Ed. 2d 646 (1974)*). "[I]t is Congress, not this or any other court, that creates private causes of action to enforce federal law." *Id. at 282*.

*Turner v. Hamilton Cnty. Tr. Ass'n*, 2022 WL 1606289, at *2, 4 (S.D. Ind. May 20, 2022).

The undersigned agrees that there is no express or implied cause of action under the CAA and the undersigned is aware of no Court within this Circuit that has found otherwise. A federal court may dismiss a federal question claim for lack of subject matter jurisdiction only if: (1) "the alleged claim under the Constitution or federal statutes clearly appears to be immaterial and made solely for the purpose of obtaining jurisdiction;" or (2) "such a claim is wholly insubstantial and

- 3 -

frivolous." *Blue Cross & Blue Shield of Ala. v. Sanders*, 138 f.3d 1347, 1352 (11th Cir. 1998) (quoting *Bell v. Hood*, 327 U.S. 678, 682-83 (1946)). "[S]ubject matter jurisdiction is lacking only 'if the claim 'has no plausible foundation, or if the court concludes that a prior Supreme court decision clearly forecloses the claim.'" *Id*. (quoting *Barnett v. Bailey*, 956 F.2d 1036, 1041 (11th Cir. 1992) (quoting *Olivares v. Martin*, 555 F.2d 1192, 1195 (5th Cir. 1977)). "

Here, the undersigned recommends that there is no plausible foundation for Plaintiffs' claim. As such, this Court lacks subject matter jurisdiction over this action—simply listing a federal statute as the basis for a claim is not sufficient to invoke the Court's federal question subject matter jurisdiction where that statute cited provides no private cause of action.

Further, Plaintiffs name as Defendants "Department of Children and Families c/o Governor Ron DeSantis" and "OUR Florida c/o DCF Secretary Shevaun Harris." Doc. 7-1 at 2-3. Plaintiffs also name as Defendants companies who are "active with Florida Department of State." *Id*. at 4, 6, 7. The undersigned notes that to the extent Plaintiffs bring their claim against Florida, the Eleventh Amendment confirms that the sovereign status of the States by shielding them from suits absent their consent. *See Seminole Tribe of Fla. v. Florida*, 517 U.S. 44, 54 (1996); *Grizzle v. Kemp*, 634 F. 3d 1314, 1319 (11th Cir. 2011) (Eleventh Amendment bars suits brought by private parties against a State in federal court unless the State waives its sovereign immunity or its immunity is abrogated by an act of Congress.). Also, although the named Defendants are not entirely clear, it appears that Plaintiffs seek relief from the Department ("DCF") directly, but that entity is an agency of the State of Florida and as such, it is immune from suit. *See Hayes v. Sec'y, Fla. Dept. of Children & Families*, 2012 WL 2848999, at *3 (N.D. Fla. May 11, 2012) (complaint could not name DCF because as a state agency, it would be immune from suit under the Eleventh Amendment); *see also Nat'l R.R. Passenger Corp. v. Rountree Transp. & Rigging, Inc.*, 896

F.Supp. 1204, 1206 (M.D. Fla. 1995) (state agencies receive the same Eleventh Amendment protection from suit in a federal court as the state itself) (*citing Schopler v. Bliss*, 903 F.2d 1373, 1378 (11th Cir.1990)).

Additionally, an official-capacity claim against Governor DeSantis or Secretary Harris is a suit against the state itself, and the Eleventh Amendment bars a damage action in federal court by a citizen against a state. *Alsop v. DeSantis*, 2020 WL 9071427, at *3 (M.D. Fla. Nov. 5, 2020); ("Án official-capacity suit against Governor DeSantis is a suit against the state itself, and the Eleventh Amendment bars a damage action in federal court by a citizen against a state") (citing *Kentucky v. Graham*, 473 U.S. 159, 165-66 (1985)); *see also Wusiya v. City of Miami Beach*, 2015 WL 3484326, at *3 (11th Cir. June 3, 2015) ("The Eleventh Amendment bar also applies to damages actions brought against state officials in their official capacities because a judgment against the official in such a suit imposes liability on the entity that he represents and is effectively suit against the state itself") (citing *Graham*, 476 U.S. at 169)).

Since the sole cause of action is made pursuant to the CAA, the Amended Complaint is due to be dismissed. The undersigned recommends that dismissal occur without leave to amend. Federal Rule of Civil Procedure 15 calls for the liberal amendment of pleadings, "[h]owever, the court need not grant leave where the amendment would be futile." *Cox v. Mills*, 465 F. App'x 885, 889 (11th Cir. 2012). "An amendment is futile where the complaint as amended would still be subject to dismissal." The undersigned finds that there is no basis to conclude that if given an opportunity to amend, Plaintiffs could assert a plausible claim against Defendants consistent with the allegations that would establish jurisdiction.

Based on the foregoing, the undersigned **RECOMMENDS** that:

1. the case be **DISMISSED** for lack of subject matter jurisdiction; and

2. the **CLERK** be directed to close the case.

## NOTICE TO PARTIES

The party has fourteen days from the date the party is served a copy of this report to file written objections to this report's proposed findings and recommendations or to seek an extension of the fourteen-day deadline to file written objections. 28 U.S.C. § 636(b)(1)(C). A party's failure to serve and file written objections waives that party's right to challenge on appeal any unobjected-to factual finding or legal conclusion the district judge adopts from the Report and Recommendation. *See* 11th Cir. R. 3-1; 28 U.S.C. § 636(b)(1).

Recommended in Orlando, Florida on September 19, 2022.

DANIEL C. IRICK
UNITED STATES MAGISTRATE JUDGE

Copies furnished to:

Presiding District Judge
Counsel of Record
Unrepresented Party
Courtroom Deputy